CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 20, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **CLINTON CECIL HARDEN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00309 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOSEPH W. WALTERS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Clinton Cecil Harden, Pro Se Petitioner*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his August 14, 2024, conviction in the Circuit Court for the City of Lynchburg, Virginia, for two counts of distribution of a controlled substance, based on an ineffective assistance of counsel claim.  Harden has simultaneously filed a Motion to Excuse Exhaustion Due to Inordinate Delay in State Post Conviction Proceeding.  Upon review, I conclude that the petition must be summarily dismissed without prejudice, and his motion must be denied.[1]

Absent a valid excuse, a state prisoner must exhaust his available remedies in the state courts before seeking habeas relief in federal court.   28 U.S.C.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

§ 2254(b)(1)(A). Exhaustion requires a petitioner to present the facts and argument of his federal constitutional claims properly to the appropriate state courts up to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). As is relevant here, a petitioner in Virginia raising claims of ineffective assistance of counsel can exhaust his state court remedies by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, or by filing a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-406(B). Whichever route he follows, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling before a federal district court can grant relief under § 2254 on an ineffective assistance of counsel claim. The petitioner bears the burden of proof to show that he has exhausted state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Harden admits that he has not exhausted his state court remedies and currently has a habeas petition pending in the Supreme Court of Virginia involving the same ineffective assistance of counsel claims raised here. However, he insists that his failure to exhaust state court remedies should be excused because of an inordinate delay by the Supreme Court of Virginia. Indeed, state remedies may be rendered ineffective, and thus a petitioner's failure to present his claims to state courts may be excused, if there is an "inordinate delay or inaction in state proceedings." *Plymail*

*v. Mirandy*, 671 F. App'x 869, 870 (4th Cir. 2016) unpublished). However, courts have been unwilling to excuse exhaustion unless the delay is extensive. *See*, *e.g.*, *Sparks v. Clarke*, No. 3:15CV482, 2016 WL 1054721, at *4 (E.D. Va. Mar. 10, 2016) (declining to excuse exhaustion where the state case had been pending for over one year); *Cf. Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (unpublished) (determining that a fifteen-year delay in processing an appeal rendered state court remedies ineffective). Furthermore, a petition is only excused from a failure to exhaust if the state court process is "*presently* ineffective." *Hicks v. Frame*, 145 F.4th 408, 419 (4th Cir. 2025) (concluding that, despite decades of delay, a petitioner failed to demonstrate that the state postconviction process was presently ineffective to protect his rights when the state court petition was being actively evaluated under state postconviction laws). Moreover,

> "no federal court . . . [has] ever excused a state prisoner's failure to exhaust merely due to delay in state court proceedings." [*Johnson v. Bauman*, 27 F.4th 384, 391 (6th Cir. 2022)]. Instead, even after delay, a petitioner has needed to prove that further efforts in state court would be "futile in the face of state dilatoriness or recalcitrance." *Farmer v. Cir. Ct. of Maryland for Baltimore Cnty.*, 31 F.3d 219, 223 (4th Cir. 1994).

*Id.* at 420.

Here, Harden's habeas petition was filed in the Supreme Court of Virginia on May 12, 2025. According to exhibits attached to Harden's Motion to Excuse Exhaustion, the case was not ripe for review until November 25, 2025, when

Harden's supplemental briefing was deemed filed. This amount of time is insufficient to constitute an inordinate delay by the Supreme Court of Virginia, particularly where the passage of time has allowed for completion of briefing. *See Lee v. Stickman*, 375 F.3d 338, 342 (3d Cir. 2004) (considering the "degree of progress made in state court" in conjunction with the length of delay). There is nothing in the record to indicate that the Supreme Court of Virginia has not made progress or is not actively evaluating Harden's case.

Furthermore, although Harden "concedes to the fact that a one-year time frame in itself does not prove that the delay is inordinate," he argues that the circumstances involving his incarceration and release scheduled for next summer have created "an inordinate delay/futile/ineffective process." Mot. Excuse Exhaustion 4, Dkt. No. 2. Other than using the word "futile" in this conclusory listing of legalese, Harden has not demonstrated how further efforts in state court would be futile in the face of state dilatoriness or recalcitrance, and I cannot conclude as such based on the record. Certainly, Harden "may still yet obtain relief" in the state system. *Hicks*, 145 F.4th at 419. Therefore, Harden's state remedies are not presently ineffective and I cannot excuse Harden's failure to exhaust.

Accordingly, I will dismiss Harden's § 2254 petition without prejudice to allow him to pursue state court remedies. It follows that his Motion to Excuse Exhaustion will be denied. Finally, a certificate of appealability will be denied,

considering that Harden has not made the requisite showing of a denial of a constitutional right by this order, nor has he shown that reasonable jurists would find the court's procedural ruling to be debatable or wrong.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate judgment will be entered herewith.

ENTER:   April 20, 2026

/s/  JAMES P. JONES
Senior United States District Judge